**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| TREVONE WILLIAMS, individually; T. W., a minor by his Guardian Ad Litem, Keisha Castleberry and as Successor In Interest to Tyrone WIlliams, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF LOS ANGELES, a public entity; GREGORY NICKELL, Deputy, a public employee; LEMUEL PENOLA, R.N., a public employee; EMMANUEL MOSCOSO, R.N., a public employee; SANDRA KANG, R.N., a public employee; CHRISTINE PANGANIBAN, R.N., a public employee; CHRISTIAN OKOYE, R.N., a public employee, <br><br> Defendants-Appellees. | No.    15-56787 <br><br> D.C. No. 2:14-cv-09522-JFW-VBK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 11, 2017
Pasadena, California

Before: PREGERSON and FRIEDLAND, Circuit Judges, and DONATO,***
District Judge.

Plaintiffs Trevone Williams and T.W. appeal from the district court's grant

of summary judgment in favor of Defendants in this 42 U.S.C. § 1983 action. On

December 13, 2012, Plaintiffs' father, Tyrone Williams, died from a pulmonary

embolism while in the custody of Men's Central Jail. Plaintiff alleged an Eighth

Amendment claim for denial of medical care and a Fourteenth Amendment claim

for loss of familial relationship against the seven jail employees who were involved

in the care of Williams on the night he died. Plaintiffs also alleged a *Monell* claim

against the County of Los Angeles. We have jurisdiction under 28 U.S.C. § 1291.

We review the district court's decision de novo, and we affirm. *Lemire v. Cal.*

*Dep't of Corr. & Rehab.* 726 F.3d 1062, 1074 (9th Cir. 2013).

The district court properly granted summary judgment in favor of

Defendants because Plaintiffs failed to raise a genuine dispute of material fact as to

each element of their Eighth Amendment claim. First, Plaintiffs failed to raise a

---

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

genuine dispute of fact as to whether Defendants were deliberately indifferent to Williams's medical needs. Plaintiffs have not provided any evidence to demonstrate that Defendants were actually aware of Williams's complaints prior to the afternoon of December 13 or that Defendants were actually aware of Williams's pulmonary embolism. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (deliberate indifference requires that a prison "official knows of and disregards an excessive risk to inmate health"); *Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004) (medical malpractice, negligence, or a difference of opinion regarding the course of treatment is not sufficient); *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) ("A party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment.").

Second, Plaintiffs failed to raise a genuine dispute of fact as to whether Defendants' actions caused Williams's death. *See Lemire*, 726 F.3d at 1074. Plaintiffs object to the admission of Defendants' untimely expert witness, who testified that Defendants' actions did not cause Williams's death. Plaintiffs, however, have not argued that the district court's decision to allow the expert witness was an abuse of discretion, and Plaintiffs do not offer any evidence or argument to dispute this critical medical expert testimony.

Plaintiffs' Fourteenth Amendment and *Monell* claims are dependent on the above Eighth Amendment claim and, therefore, likewise fail.

**AFFIRMED.**